1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM FERRIS, | Case No.: 11-cv-01752-LHK |
| Plaintiff, | ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | |

Plaintiff Sam Ferris ("Ferris") brings this action *in propria persona* under 42 U.S.C. §§ 1983 and 1985 and California Civil Code § 52.1 against the County of Santa Clara (the "County") and the City of San Jose, the San Jose Chief of Police, and various unnamed police officers in their individual and official capacities (collectively the "City Defendants"), alleging violation of his Fourth Amendment right to be free from unreasonable search and seizure and the use of excessive force, among other constitutional injuries, in connection with a warrantless arrest and two warrantless searches of his home. Before the Court are the City Defendants' and the County's Motions to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held a hearing on these motions on November 16, 2011. Having considered the parties' submissions and arguments, as well as the relevant law, the Court hereby GRANTS the City Defendants' Motion to Dismiss, and GRANTS the County's Motion to

1

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

Dismiss.[1]  Plaintiff is granted leave to amend for the sole purpose of curing the deficiencies addressed in this Order.

## I.      BACKGROUND

Plaintiff is a registered sex offender who was convicted in 1984 for consensual sex with two minors, aged 15 and 17, and sentenced to six months in jail, modified to three months.  Compl. ¶ 53.  Plaintiff's constitutional claims arise from two distinct incidents involving searches of his property by the City of San Jose police officers.  Unless otherwise noted, the following allegations are taken from Plaintiff's Complaint and are presumed to be true and construed in the light most favorable to the Plaintiff for purposes of ruling on Defendants' motions to dismiss.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

### A.  First Alleged Incident (April 9, 2010)

Ferris lives at 2953 Plumstead Place, San Jose, CA 95148.  Ferris is the landlord of the property, but he occupies only the back portion of the house, comprised of a living room, bathroom, and bedroom, with a sliding glass door and a security gate as his main entrance.  Although there is a window in the bedroom, neither the window nor the door is visible from the street, as they are in the back yard behind gates.  Compl. ¶ 2.

The incidents precipitating the April 9, 2010 arrest occurred one day earlier, on April 8, 2010.  Ferris had purchased tree wood from a neighbor and had enlisted someone to haul the wood down the street for him, but the truck driver soon encountered problems with his truck, thereby delaying the process by several hours.  While the truck driver sought to repair his truck, Ferris invited the truck driver's girlfriend, Trish, to his room for coffee.  Ferris brought Trish to his room, and they made coffee.  Another woman, Beverly Jones ("Jones"), was already inside.  As Ferris left them, he informed Trish, "If you want out go to the door and holler for me."  *Id.* ¶¶ 45-46.  Ferris

---

[1] Plaintiff filed an unauthorized Sur-reply on November 14, 2011, two days before the scheduled hearing on Defendants' Motions to Dismiss.  Defendant County of Santa Clara objected and moved to strike the Sur-reply.  Because the Defendants' reply briefs did not raise any new matter, and Plaintiff filed his Sur-reply without Court authorization, the Court GRANTS Defendant's motion to strike the Sur-reply and does not consider its contents for purposes of deciding the instant Motions to Dismiss.

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   returned approximately twenty minutes later, at which time Trish stated that she and Jones were

2   conversing and drinking coffee, and everything was fine.  Ferris left them and returned again after

3   another twenty minutes.  Again, everything seemed fine.  *Id.* ¶¶ 47-48.

4         Ferris left the two women to assist with the truck repair, and this time did not return for

5   another hour or so, although Ferris does not remember exactly how long he was gone.  Another

6   female who lives on the property informed Ferris that someone was at the back window shouting

7   that she wanted to get out of Ferris' room.  Ferris then walked to the back door and opened the

8   security gate, allowing a "distraught" Trish to come out, "claiming the room was claustrophobic (it

9   is very crow[d]ed), dark (it is dark), and Jones was naked (she was)."  *Id.* ¶¶ 49-50.  Ferris brought

10  her back to her boyfriend and explained that he kept the door locked "for security purposes so she

11  would not steal Ferris's items," and Trish "kind of accepted that as reasonable."  *Id.* ¶ 50.

12        On the morning of April 9, 2010, officers from the San Jose Police Department came to

13  Ferris' house and spoke with four individuals, asking if Ferris kept Jones locked in his room

14  against her will.  All four replied that Ferris locked her in, with her permission, for security

15  purposes.  *Id.* ¶¶ 4-5.  Ferris claims that he and Jones were sleeping when the officers knocked on

16  the outside door to Ferris' residence, awakening them.

17        The officers informed Ferris that they wished to speak with Jones and warned that if Ferris

18  did not open the door within one minute, they would proceed to break it down.  Ferris attempted to

19  convince Jones to speak with the officers, but she initially refused, and after a minute elapsed with

20  no appearance on her part, the officers repeated their threat to break down the security gate and the

21  glass door.  Ferris then went out and locked the security gate to keep the officers out, while also

22  shouting for Jones to come out and speak with them.  One of the officers asked Ferris three times to

23  give him the keys to the door, which Ferris refused.  The officers then handcuffed Ferris, seized the

24  keys from him, and entered the premises.  *Id.* ¶ 18.

25        Inside Ferris' home, the officers did a visual protective sweep but also unlocked a deadbolt

26  lock on a closet door, from which they removed some liquor and gave it to Jones.  *Id.* ¶¶ 26-27.

27  The officers questioned Ferris, and approximately four others who also lived at the property, for at

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1    least thirty minutes. *Id.* ¶ 29. Ferris was then locked, handcuffed, in the police car. Ferris

2    concedes that the police officer "did place the handcuffs on in [a] reasonable manner" but alleges

3    that "for some reason they are made so that if someone were to lean back or sit on them (hands are

4    behind back) they automatically close more." *Id.* ¶ 74. Ferris alleges that, due to the design of the

5    handcuffs, they closed more on his wrists and were "way to[o] tight for about 10 minutes,"

6    although he concedes the officer "did rectify the situation upon complaint by Ferris." *Id.*

7            Ferris was eventually taken to jail, where he made tape-recorded statements to the police

8    and was booked on three misdemeanor charges: two counts of false imprisonment, California Penal

9    Code § 236, and one count of resisting arrest, California Penal Code § 148. *Id.* ¶ 30, 57. Ferris

10    was released on $11,000 bail approximately nine hours later on the same night of the arrest, April

11    9, 2010. No charges were ultimately brought against Ferris. *Id.* ¶¶ 34-35, 38.

12            Ferris suspects, but does not know for a fact, that the police came to his house in response

13    to a report by Trish that he was a registered sex offender and was falsely imprisoning Jones inside

14    his home. *Id.* ¶ 53. Ferris explains that he "locks Jones in as she is a known drug user and there is

15    over $40,000 worth of computers and other items in [his] room," but he "unlocks the door when

16    Jones wants to go out." *Id.* ¶¶ 21-22. He further alleges that "[a]lthough neither Jones [n]or Trish

17    could exit from the security gate when its [sic] locked, there is a completely legal, up to code, fire

18    exit in the bedroom," from which persons can safely and easily escape. *Id.* ¶ 56. The fire exit is on

19    the ground floor, and the window is three to four feet off the ground, designed for fast egress in an

20    emergency. *Id.*

21          **B. Second Alleged Incident**

22            Plaintiff's second encounter with the City of San Jose police officers occurred on May 29,

23    2010. On this second occasion, the police arrived at the premises of 2953 Plumstead Place, San

24    Jose, CA to investigate allegations not against Ferris himself, but rather against Shawn Furbay

25    ("Furbay"), a tenant of Plaintiff's. Compl. ¶ 59. Furbay's girlfriend had summoned the police, and

26    Furbay asked Ferris to explain to the police that the room was Furbay's and not the girlfriend's.

27    Ferris went out with a copy of a case and attempted to explain to the officers the limited rights of a

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

United States District Court
For the Northern District of California

licensee, but the officers refused to read the case. *Id.* ¶ 64. The officers asked Ferris if Furbay's girlfriend had property in the room, and when Ferris replied that she did, the officers stated that she was a tenant. *Id.*

By the time Ferris and Furbay met with the police, the girlfriend had apparently driven off. *Id.* ¶¶ 59, 62. Furbay was taken into custody and placed in the back of the police car. *Id.* ¶ 63. The police then told Ferris they were going to enter the house to "check for 'a pool of blood' or something." *Id.* ¶ 66. Ferris pointed to a "no trespassing" sign he had posted on the property and denied them entry because they had no warrant, but the officers told Ferris to "sit down and shut up, and that due to his sex offender registration status he should not 'piss us off.'" *Id.* ¶¶ 66-67. Ferris understood the officers to be implying that "violence would be used by the police against [him] based upon his registration status." *Id.* During the approximately twenty to thirty minutes that the officers searched the house, Ferris was not allowed to leave the site and was not allowed to go inside and get a jacket unless accompanied by a police officer, which he declined to do. *Id.* ¶¶ 69-70. Upon exiting the house, the officers "muttered something about building code violations" and then left the premises. *Id.* ¶ 71.

### C. Procedural History

On April 8, 2011, Plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1985 and California Civil Code § 52.1, alleging that the City Defendants violated his Fourth Amendment rights by arresting him and searching and seizing his property without probable cause, using excessive force, and threatening him with violence on account of his status as a registered sex offender, and that the County violated his Fourth Amendment rights by failing to provide him with a probable cause determination within forty-eight hours of his arrest. Plaintiff's causes of action are as follows: (1) Fourth Amendment claim for illegal seizure of the person; (2) Fourth Amendment claim for illegal seizure of personal property; (3) Fourth Amendment claim for illegal search of the home; (4) First, Fourth, Fifth, and Fourteenth Amendment (Equal Protection) claims for implied threats of violence on account of Plaintiff's sex offender status; (5) Fourth Amendment claim for excessive force; (6) *Monell* claim based on taxpayer standing; and (7) *Monell* claim based

United States District Court
For the Northern District of California

1   on failure to train employees and deliberate indifference.  Plaintiff seeks compensatory and

2   punitive damages, as well as declaratory and injunctive relief.  City Defendants and the County

3   filed separate Motions to Dismiss on July 29, 2011.  *See* ECF Nos. 13, 16.

4   **II.     LEGAL STANDARDS**

5         **A.  Motion to Dismiss Under Rule 12(b)(1)**

6         A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

7   to Federal Rule of Civil Procedure 12(b)(1).  A motion to dismiss for lack of subject matter

8   jurisdiction will be granted if the Complaint on its face fails to allege facts sufficient to establish

9   subject matter jurisdiction.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th

10   Cir. 2003).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the fact of the

11   pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

12   disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560

13   (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

14         **B.  Motion to Dismiss Under Rule 12(b)(6)**

15         Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

16   action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

17   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

18   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

19   defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

20   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

21   unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations

22   omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual

23   allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

24   non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

25   2008).  Moreover, pro se pleadings are to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519,

26   520 (1972) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

27

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

1 Nonetheless, the Court need not accept as true allegations contradicted by judicially

2 noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public

3 record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v.*

4 *Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v.*

5 *Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Schwarz v. United States*, 234 F.3d

6 428, 435 (9th Cir. 2000). Nor is the Court required to "'assume the truth of legal conclusions

7 merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061,

8 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

9 Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion

10 to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and

11 citations omitted); *accord Iqbal*, 129 S. Ct. at 1950. Furthermore, "'a plaintiff may plead [him]self

12 out of court'" if he "plead[s] facts which establish that he cannot prevail on his [constitutional]

13 claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*,

14 60 F.3d 1234, 1239 (7th Cir. 1995)).

15 **C.  Leave to Amend**

16 If the Court determines that the complaint should be dismissed, it must then decide whether

17 to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

18 "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

19 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.*

20 *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations

21 omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant

22 leave to amend even if no request to amend the pleading was made, unless it determines that the

23 pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v.*

24 *United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Furthermore,

25 the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits

26 of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police*

27 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, leave to amend generally shall be denied

28

**United States District Court**
For the Northern District of California

7

1  only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be

2  futile, or if the moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512

3  F.3d 522, 532 (9th Cir. 2008).

4  **III.    DISCUSSION**

5      **A.  City of San Jose's Motion to Dismiss**

6         Plaintiff alleges that the City of San Jose and its police officers violated a variety of his

7  constitutional rights in connection with two warrantless searches of his home.  To state a claim

8  under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant violated a right secured by the

9  United States Constitution or the laws of the United States; and (2) the defendant did so acting

10  under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).[2]  The City Defendants move to

11  dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be

12  granted.  The Court considers each of Plaintiff's causes of action in turn.

13      **1.  Claims Relating to the April 9, 2010 Search and Arrest**

14        **a.  False Arrest (Count I)**

15         Ferris alleges that the City of San Jose police officers unlawfully arrested him without

16  probable cause.  "Under the Fourth Amendment, a warrantless arrest requires probable cause."

17  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).  "Probable cause to arrest exists when

18  officers have knowledge or reasonably trustworthy information sufficient to lead a person of

19  reasonable caution to believe that an offense has been or is being committed by the person being

20  arrested."  *Id.* (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  "While conclusive evidence of guilt is

21  of course not necessary under this standard to establish probable cause, '[m]ere suspicion, common

22  rumor, or even strong reason to suspect are not enough.'"  *Id.* (quoting *McKenzie v. Lamb*, 738

23  F.2d 1005, 1008 (9th Cir. 1984)).

---

24  [2] Plaintiff also brings all of his claims under related California law.  California Civil Code § 52.1

25  prohibits the interference "by threats, intimidation, or coercion, or attempts to interfere by threats,
intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of the

26  rights secured by the Constitution of the United States or the laws of the United States, or of the

27  rights secured by the Constitution or laws of this state."  Cal. Civ. Code § 52.1.  As used in this
provision, the term "interferes" means "violates."  *Austin B. v. Escondido Union High Sch. Dist.*,

28  149 Cal. App. 4th 860, 883 (2007).  Plaintiff's federal and state claims rise and fall together.

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1    In this case, the City of San Jose Police Department arrested Ferris on April 9, 2010 for two

2    counts of Penal Code § 236 (false imprisonment) and one count of Penal Code § 148 (resisting

3    arrest).  False imprisonment is defined as "the unlawful violation of the personal liberty of

4    another," Cal. Pen. Code § 236, which can be accomplished by "[a]ny exercise of express or

5    implied force which compels another person to remain where he does not wish to remain, or to go

6    where he does not wish to go," *People v. Dominguez*, 180 Cal. App. 4th 1351, 1360 (2010).

7    "Consent of the victim is no defense where the consent is induced by coercion or deception or

8    where the victim is incapable of consenting due to unsoundness of mind or tenderness of years."

9    *Id.* (internal quotation marks and citations omitted).  Misdemeanor false imprisonment under § 236

10   is punishable by a fine of up to $1,000 or imprisonment in the county jail for up to one year, or

11   both, *id.* § 237(a).  If the false imprisonment is effected by violence, menace, fraud, or deceit, it is

12   punishable as a felony by imprisonment in the state prison.  *Id.*

13       City Defendants argue that Plaintiff's Complaint should be dismissed under Rule 12(b)(6)

14   because Plaintiff alleges facts establishing that the officers had probable cause to enter Plaintiff's

15   home to investigate the welfare of Ms. Jones, to determine whether he may have committed a

16   crime, and to arrest him, rendering his § 1983 claims implausible.  City Defendants argue that, as

17   alleged in the Complaint, an independent witness alerted the police to the presence of a woman

18   possibly held against her will by Plaintiff; Plaintiff denied the officers access to the woman and

19   locked the security gate as a bar to entry; and Plaintiff admits that the woman may have given the

20   officers permission to enter, but the officers could not enter without forcibly removing the keys

21   from Plaintiff over his objection.  City Mot. at 5.  According to Defendants, these admitted facts

22   establish probable cause to arrest Plaintiff for false imprisonment, which they argue establishes an

23   "absolute defense" for City Defendants against all of Plaintiff's § 1983 claims.  *Id.* (citing *Pierson

24   v. Ray*, 386 U.S. 547, 555 (1967); *Gomez v. Toledo*, 446 U.S. 635, 639 (1980); *Salazar v. Upland

25   Police Dep't*, 116 Cal. App. 4th 934, 947 (2004)).

26       The Court agrees that Plaintiff has effectively "'plead[ed] [him]self out of court'" by

27   "plead[ing] facts which establish that he cannot prevail on his [constitutional] claim."  *Weisbuch*,

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

119 F.3d at 783 n.1 (quoting *Warzon*, 60 F.3d at 1239).  The Ninth Circuit has affirmed a district court's dismissal under Rule 12(b)(6) where the facts alleged in the complaint clearly established that the arresting officer had probable cause to believe that a crime was being committed.  *See Fayer*, 649 F.3d at 1064-65.  In *Fayer v. Vaughn*, the Ninth Circuit held that "[b]ecause the facts in the amended complaint show that [plaintiff's] arrest was supported by probable cause, [plaintiff] cannot make out a facially plausible claim for false arrest or false imprisonment under [state] law. . . . Accordingly, he also cannot allege a facially plausible claim for false arrest or conspiracy to commit false arrest under 42 U.S.C. § 1983."  *Id.* at 1065 (internal citations omitted).

Likewise here, the facts alleged in Plaintiff's Complaint are more than sufficient to lead a person of reasonable caution to believe that Ferris had or was falsely imprisoning another.  *See Lopez*, 482 F.3d at 1072.  Plaintiff alleges that Trish had been locked in his room the day before his arrest and was distraught when he finally released her, and that he suspects she called the police upon learning of his status as a registered sex offender.  Plaintiff also admits that he locks Jones in the room and that she cannot leave when the security gate is locked.  Plaintiff further alleges that upon arriving at his home, the officers learned from several other sources that Ferris does, in fact, have a practice of locking persons in his room, albeit it for "security purposes."  Plaintiff admits that he refused to let the police in, to open the security gate, or to hand over the key to the gate.  Finally, Plaintiff states that Jones did not respond after at least a full minute, despite the officers' request to speak with her.  All of these facts, which appear on the face of the Complaint, establish probable cause to suspect that Plaintiff was falsely imprisoning Jones at the time of the arrest and therefore render it implausible that he could prevail on his false arrest claim.  Accordingly, his first cause of action based on the April 9, 2010 arrest is DISMISSED.

### b. Illegal Seizure (Count II)

Plaintiff's second cause of action asserts that Defendants unlawfully seized his personal property (namely, the keys to his security gate) without probable cause on April 9, 2010, in violation of his Fourth Amendment rights.  Compl. at 6.  For the same reasons discussed immediately above, Plaintiff has pled facts establishing that the officers had probable cause to seize

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

his keys for purposes of gaining access to Jones, whom they suspected of being falsely imprisoned inside Ferris' home.  Accordingly, he has not pled a plausible claim for relief, and his second cause of action must be DISMISSED.

### c.  Illegal Search (Count III)

Plaintiff's third cause of action asserts that Defendants violated his Fourth Amendment rights by conducting a warrantless search of his home in the absence of probable cause or exigent or emergency circumstances.  Compl. at 6.  Defendants again move to dismiss on grounds that they had probable cause to search.  Again, the Court concludes that Plaintiff has pleaded himself out of a claim for unlawful search.

A warrantless search of a home requires more than mere probable cause.  It is well established that the ""physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed," *Payton v. New York*, 445 U.S. 573, 585 (1980); *see Kirk v. Louisiana*, 536 U.S. 635, 636 (2002) ("[A]bsent exigent circumstances, the firm line at the entrance to the house may not reasonably be crossed without a warrant." (internal quotation marks and alterations omitted)), and therefore, "searches and seizures inside a home without a warrant are presumptively unreasonable," absent exigent circumstances or an emergency, *Payton*, 445 U.S.  at 586.  Under the exigency doctrine, a warrantless search of a home is permitted if there is probable cause to believe that contraband or evidence of a crime will be found at the premises and that exigent circumstances exist.  *United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005) (citing *United States v. Lai*, 944 F.2d 1434, 1441 (9th Cir. 1991)).  As a general rule, "exigent circumstances" are defined as "those circumstances that would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts."  *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir. 1984) (en banc) (abrogated on other grounds).  Under the "emergency aid" exception, police officers are permitted warrantless entry into a home as part of their "community caretaking function," *United States v. Bradley*, 321 F.3d 1212, 1214 (9th Cir. 2003), provided (1) the police

1  have reasonable grounds to believe there is an emergency at hand and an immediate need for their

2  assistance for the protection of life or property; (2) the search is not primarily motivated by intent

3  to arrest and seize evidence; and (3) there is some reasonable basis, approximating probable cause,

4  to associate the emergency with the area or place to be searched, *Martin v. City of Oceanside*, 360

5  F.3d 1078, 1081-82 (9th Cir. 2004) (citing *United States v. Cervantes*, 219 F.3d 882, 888-90 (9th

6  Cir. 2000)).

7       Here, the facts alleged in the Complaint not only establish probable cause to believe that

8  Ferris was falsely imprisoning a woman in his home, but moreover establish the presence of

9  exigent or emergency circumstances.  The circumstances previously recited would cause a

10  reasonable person to believe that forcible entry into his home was necessary to prevent harm to

11  Jones or any other persons that might be within.  Ferris' refusal to let the officers inside, his

12  affirmative act of locking the security gate, and Jones' failure to appear on her own to speak with

13  the officers cumulatively give rise to both exigent and emergency circumstances, under controlling

14  case law.  These facts, as pled in the Complaint, distinguish this case from *Frunz v. City of*

15  *Tacoma*, 468 F.3d 1141 (9th Cir. 2006), on which Plaintiff relies, where the Ninth Circuit held that

16  officers did not have probable cause to forcibly enter a home without a warrant based solely on

17  "information provided by [a] neighbor [that] suggested that unauthorized people may be in [a]

18  house," in the absence of any corroborating sign of a break-in.  *Frunz*, 468 F.3d at 1144-45.

19  Accordingly, Plaintiff's third cause of action based on the April 9, 2010 search of his home is not

20  plausible and is DISMISSED.

21                                **d.  Excessive Force (Count V)**

22       Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from

23  excessive force by employing "improperly designed handcuffs" during the arrest.  Compl. at 7.  All

24  claims for excessive force are analyzed under the Fourth Amendment's prohibition against

25  unreasonable seizures.  *Graham v. Connor*, 490 U.S. 386, 394 (1989); *accord Young v. Cnty. of*

26  *L.A.*, 655 F.3d 1156, 1161 (9th Cir. 2011).  To state an excessive force claim, a plaintiff must

27  allege facts showing that the officer's conduct was "objectively unreasonable in light of the facts

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

and circumstances confronting them." *Graham*, 490 U.S. at 397 (internal quotation marks omitted). In determining whether an officer's conduct is objectively unreasonable, the Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003).

Plaintiff has not pleaded sufficient facts to support his excessive force claim relating to his handcuffing during arrest. As previously noted, Ferris concedes that the police officer "did place the handcuffs on in [a] reasonable manner," and though he claims that the handcuffs were "way to[o] tight for about 10 minutes," he also concedes that the officer "did rectify the situation upon complaint by Ferris," and there is no allegation that the officer ignored his request for those initial ten minutes. *See id.* Plaintiff's allegation that the design of the handcuffs caused him discomfort is not tethered to any conduct on the part of any officers, and in any event, he has not alleged facts sufficient to support a plausible claim for excessive force arising from his arrest. For these reasons, this cause of action is DISMISSED.

### 2. Claims Relating to the May 29, 2010 Search and Detention

#### a. Unreasonable Search and Unlawful Detention (Counts I and III)

Plaintiff alleges that he was unreasonably detained without probable cause when he was made to stand in the cold while the police unlawfully searched the house looking for "a pool of blood" after being summoned by Furbay's girlfriend on May 29, 2010. Ferris was not a suspect in this second incident, and he asserts that at the time of the search, Furbay, the suspect, was already in custody, and Furbay's girlfriend, the alleged victim, had already fled the scene. Plaintiff argues that because the purported victim was not in the house, and the suspect was already apprehended, the officers' protective sweep was unjustified. Indeed, a protective sweep conducted incident to an arrest of the suspect at issue is lawful only when "the arresting officers reasonably believe[] that *someone else inside the house* might pose a danger to them. The facts upon which officers may justify a [*Maryland v. Buie*, 494 U.S. 325 (1990)] protective sweep are those facts giving rise to a

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

1    suspicion of danger from attack by a third party during the arrest." *United States v. Colbert*, 76

2    F.3d 773, 777 (9th Cir. 1996) (emphasis in original).

3          Nonetheless, it is not clear from the face of the pleadings whether the officers were merely

4    conducting a protective sweep incident to Furbay's arrest or whether they had probable cause to

5    search the premises coupled with emergency or exigent circumstances.  Plaintiff must plead these

6    missing facts with particularity in order to survive a motion to dismiss.  Because he has failed to do

7    so, he has not stated a plausible claim for relief under the Fourth Amendment relating to the May

8    29, 2010 search and temporary detention, and his cause of action is therefore DISMISSED.

9                          **b.  First Amendment (Count IV)**

10         Plaintiff asserts that Defendants violated his "right to be free to speak to police officers with

11   copies of applicable case law."  Compl. at 7.  Plaintiff's claim appears to arise from his alleged

12   thwarted efforts to show the investigating police officers a copy of a case, *People v. Johnson*,

13   explaining what a licensee is.  *Id.* ¶¶ 60, 64.  Although Plaintiff may have a First Amendment right

14   to verbally protest the officers' actions, *see Winterrowd v. Nelson*, 480 F.3d 1181, 1185 (9th Cir.

15   2007) ("'[W]hile police, no less than anyone else, may resent having obscene words and gestures

16   directed at them, they may not exercise the awesome power at their disposal to punish individuals

17   for conduct that is not merely lawful, but protected by the First Amendment.'" (quoting *Duran v.

18   City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990)), here, he does not allege that he was actually

19   denied such a right or that he was punished for exercising it.  He alleges only that the officers

20   ignored his endeavors to show them relevant case law, but any First Amendment right he may

21   enjoy to recite case law to investigating police officers does not extend so far as to require the

22   police officers to engage in substantive discussion with him.  Plaintiff has not pleaded sufficient

23   facts supporting a plausible claim for relief under the First Amendment, and therefore this cause of

24   action is DISMISSED.

25                          **c.  Due Process (Count IV)**

26         Plaintiff also asserts that he was denied his right "to have due process before being

27   arrested."  Compl. at 7.  As previously noted, however, Plaintiff cannot survive a motion to dismiss

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1    on mere "conclusory allegations of law and unwarranted inferences" alone. *Adams*, 355 F.3d at

2    1183 (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950.  To state a

3    claim for a violation of procedural due process, a plaintiff must allege facts sufficient to show "'(1)

4    a protected liberty or property interest[,] and (2) a denial of adequate procedural protections.'"

5    *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir. 2011) (quoting *Foss v. Nat'l*

6    *Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998) (internal citation omitted)).  Here,

7    Plaintiff asserts a liberty interest in being free from unlawful arrest, but he identifies no specific

8    procedural protections that he was denied that would form the basis for his alleged due process

9    claim.  Because he has not pleaded sufficient facts to support a plausible claim for relief under the

10   Due Process Clause, this cause of action is DISMISSED.

### d.   Equal Protection (Count IV)

12           Although Plaintiff's Complaint is not clear on this count, the Court construes the allegations

13   as claiming violation of his constitutional right to be free from discrimination and denial of equal

14   protection of the laws on the basis of his status as a convicted sex offender.  *See* Compl. at 7.

15   Plaintiff asserts that by telling him to "sit down and shut up" and not to "piss us off" due to his sex

16   offender registration status, *id.* ¶¶ 66-67, the police officers violated his right not to be subjected to

17   violence as a result of his sex offender status, *id.* at 7.  "[G]overnment actions that do not affect

18   fundamental rights or liberty interests and do not involve suspect classifications will be upheld if

19   they are rationally related to a legitimate state interest." *Fields v. Palmdale Sch. Dist.*, 427 F.3d

20   1197, 1209 (9th Cir. 2005).  Because sex offender status is not a suspect classification, any

21   differential treatment accorded Ferris on such basis would be subject only to rational basis review.

22   More importantly, however, Plaintiff does not allege that he was treated differently from others, let

23   alone that such discriminatory treatment was on account of his status as a convicted sex offender.

24   Plaintiff's cause of action under the Fourteenth Amendment is accordingly DISMISSED.

### e.   Excessive Force (Count IV)

26           Plaintiff asserts that the officers' comments to him to "sit down and shut up" and not to

27   "piss us off" amounted to implicit threats of physical harm against him, in violation of his Fourth

**United States District Court**
For the Northern District of California

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

Amendment rights against unreasonable seizure.  Plaintiff does not allege that the officers actually used force on him during the second search, nor does he allege that the officers threatened him with violence, or even that he actually felt threatened by the officers.  Accordingly, Plaintiff's allegations do not give rise to an excessive force claim, and this cause of action is DISMISSED.

### 3.  Claims for Municipal Liability

#### a.  *Monell* Liability (Count VII)

Plaintiff's seventh cause of action alleges that the City and Chief of Police are liable for failure to adequately train, supervise, and discipline the individual police officers so as to "protect members of the public from illegal acts," and that the municipal entities were "deliberately indifferent to such duties and thereby proximately caused" Plaintiff's alleged constitutional injuries.  Compl. at 10.  A suit against public employees in their official capacities is equivalent to a claim against their municipal employer.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991).

Although a municipal entity defendant cannot be subject to liability under § 1983 under a theory of respondeat superior, *see Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997), a claim may be stated against a municipal defendant if the plaintiff alleges that his constitutional injury was the product of a policy or custom of the municipality, *Monell v. Dep't of Soc. Servs of N.Y..*, 436 U.S. 658, 691 (1978).  To establish an "official policy or custom sufficient for *Monell* liability, a plaintiff must show a constitutional right violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker."  *Delia v. City of Rialto*, 621 F.3d 1069, 1081-82 (9th Cir. 2010) (internal quotation marks and citations omitted).

Because Plaintiff has not alleged a plausible claim that any of the individual police officers violated his constitutional rights, the Plaintiff's *Monell* claim against the City of San Jose or the Chief of Police on that basis is equally implausible.  *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* [constitutional

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

United States District Court
For the Northern District of California

injury] is quite beside the point." (emphasis in original)).  Even putting aside Plaintiff's failure to

allege a plausible claim of constitutional injury, Plaintiff has furthermore failed to identify any

official policy or longstanding practice or custom that would cause violation of his constitutional

rights.  *See Case v. Kitsap Cnty. Sheriff's Dep't*, 249 F.3d 921, 931-32 (9th Cir. 2001) (holding that

*Monell* liability cannot "be predicated on . . . isolated sporadic events").  Although Plaintiff alleges

that the City of San Jose and the San Jose Police Department have a standard policy, custom or

practice of conducting warrantless searches in the absence of probable cause and using improperly

designed handcuffs, these mere "conclusory allegations of law . . . are insufficient to defeat a

motion to dismiss." *Adams*, 355 F.3d at 1183 (internal quotation marks and citations omitted);

*accord Iqbal*, 129 S. Ct. at 1950.  Plaintiff's *Monell* claims against the City of San Jose and San

Jose Police Department are therefore DISMISSED.

### b.  Taxpayer Standing (Count VI)

Finally, in addition to his individual claims of violation of his constitutional rights, Plaintiff

seeks to assert claims against the City and County on behalf of "others being subjected to

unconstitutional conditions," asserting that the City of San Jose and San Jose Police Department

maintain a policy of "knock and talk" without a warrant or probable cause, and that the City and/or

County maintains a policy of using improperly designed handcuffs, thereby subjecting many

individuals to excessive force during their arrests.  Compl. at 9.  Plaintiff asserts that he has

"taxpayer standing" to bring these claims on behalf of a class of individuals whose Fourth

Amendment rights are being violated by the City's unconstitutional policies.

To state a case or controversy under Article III, a plaintiff must establish standing.  *Allen v.

Wright*, 468 U.S. 737, 751 (1984).  The irreducible constitutional requirements for standing are that

(1) the plaintiff has suffered an "injury in fact," i.e., an "invasion of a legally protected interest that

is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical";

(2) there is "a causal connection between the injury and the conduct complained of," i.e., the injury

is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to

merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders*

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

1    *of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks, alterations, citations, and

2    footnote omitted); *accord Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011).

3    A "particularized injury" is one that "affect[s] the plaintiff in a personal and individual way."

4    *Lujan*, 504 U.S. at 560 n.1.  "Absent special circumstances, . . . standing cannot be based on a

5    plaintiff's mere status as a taxpayer," as "the [Supreme] Court has rejected the general proposition

6    that an individual who has paid taxes has a 'continuing, legally cognizable interest in ensuring that

7    those funds are not *used* by the Government in a way that violates the Constitution.'"  *Ariz.*

8    *Christian Sch. Tuition Org.*, 131 S. Ct. at 1442 (quoting *Hein v. Freedom From Religion Found,*

9    *Inc.*, 551 U.S. 587, 599 (2007) (plurality opinion)).

10          To fall within the "narrow exception" to "the general rule against taxpayer standing,"

11   *Bowen v. Kendrick*, 487 U.S. 589, 618 (1988), a plaintiff must assert (1) "a 'logical link' between

12   the plaintiff's taxpayer status 'and the type of legislative enactment attacked,'" and (2) "'a nexus'

13   between the plaintiff's taxpayer status and 'the precise nature of the constitutional infringement

14   alleged,'" *Ariz. Christian Sch. Tuition Org.*, 131 S. Ct. at 1445 (quoting *Flast v. Cohen*, 392 U.S.

15   83, 102 (1968)).  The exceptional "special circumstances" that allow a plaintiff to assert taxpayer

16   standing are not present here.  Plaintiff's Complaint simply alleges that he paid local, state, and

17   federal taxes, and his opposition states only that he "paid a number of taxes that all go directly to

18   pay police officers and/or for their equipment."  Opp'n at 3.  Plaintiff's allegations that his tax

19   dollars go toward alleged unlawful practices of the City of San Jose "lack[] the necessary nexus

20   between his taxpayer status and the claimed constitutional violations" and are insufficient to

21   establish taxpayer standing.  *McCollum v. Cal. Dep't of Corr. and Rehab.*, 647 F.3d 870, 880 (9th

22   Cir. 2011) (citation omitted).  Because Plaintiff lacks taxpayer standing to challenge the City of

23   San Jose's alleged unconstitutional conduct separate and apart from his own claimed individualized

24   harms, his sixth cause of action is DISMISSED.

25          **B.  County of Santa Clara's Motion to Dismiss**

26                 **1.  Failure to Provide Prompt Probable Cause Determination**

27

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1    In addition to his claims against the City Defendants, Plaintiff also contends that the County

2    violated his Fourth Amendment rights by failing to provide him with a probable cause

3    determination within forty-eight hours of his arrest.  The Fourth Amendment requires a prompt

4    judicial determination of probable cause as a prerequisite to an extended pretrial detention

5    following a warrantless arrest.  *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)

6    (requiring that a probable cause determination be made within forty-eight hours of arrest); *Gerstein*

7    *v. Pugh*, 420 U.S. 103, 120-25 (1975).  The County moves to dismiss for failure to state a plausible

8    claim for relief and asks the Court to take judicial notice of the April 9, 2010 Probable Cause

9    Determination Order signed by Judge Levinger of the Superior Court of California, Santa Clara

10   County Judicial District.  *See* ECF No. 14 & Ex. A.

11   Under Federal Rule of Evidence 201(b), the Court may take judicial notice of any

12   adjudicative fact "not subject to reasonable dispute in that it is either (1) generally known within

13   the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

14   resort to sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence 201

15   permits the Court to take judicial notice of official court records to the extent they establish facts

16   not subject to reasonable dispute.  *See Shaw*, 56 F.3d at 1129 n.1 (citing *Mack v. S. Bay Beer*

17   *Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *United States v. Capua*, 656 F.2d 1033, 1038

18   n.3 (5th Cir. 1981); *Retired Employees Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, 632 F.

19   Supp. 2d 983, 984-85 (C.D. Cal. 2009); *Santos v. Cnty. of L.A. Dep't of Children and Family*

20   *Servs.*, 299 F. Supp. 2d 1070, 1075 n.7 (C.D. Cal. 2004).

21   Here, the Court takes judicial notice of Judge Levinger's April 9, 2010 Probable Cause

22   Determination Order not for the truth of the facts asserted therein, but solely for the fact that the

23   probable cause determination occurred.  According to Exhibit A of the County's Request for

24   Judicial Notice in Support of Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) by

25   Defendant County of Santa Clara, of which the Court takes judicial notice under FRE 201, on April

26   9, 2010, the same day of Plaintiff's arrest, Judge Levinger determined that there was probable

27   cause to detain Plaintiff after considering an affidavit of probable cause filed by the arresting

28

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1   officer.  Because this judicially noticed fact indisputably establishes that Ferris received a probable

2   cause determination within forty-eight hours of his arrest, his Fourth Amendment claim against the

3   County for failure to provide him a prompt probable cause determination is not plausible and

4   therefore must be dismissed.  *See Gerstein*, 420 U.S. at 120-25 (holding that probable cause

5   determinations may be informal and non-adversarial, so long as it "provide[s] a fair and reliable

6   determination of probable cause as a condition for any significant pretrial restraint on liberty . . .

7   either before or promptly after arrest"); *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055-56

8   (9th Cir. 2004) (upholding on its face as "fair and reliable" city's non-adversarial process of

9   determining post-arrest probable cause using a pre-printed application form accompanied by a

10  sworn certification incorporating official reports and records prepared by law enforcement

11  officers).

12      Indeed, Plaintiff appears to concede in his opposition that a probable cause determination

13  occurred consistent with the law.  However, he insists that the County produce the affidavit of

14  probable cause, a copy of which Plaintiff has not seen, so as to verify that the affidavit was made

15  under penalties of perjury and was a reliable basis for Judge Levinger's probable cause

16  determination.  *See* Opp'n at 1.  To the extent Plaintiff may have a plausible basis for challenging

17  the validity of his probable cause determination, as opposed to the wholesale denial of such

18  process, the Court DISMISSES his claim, but grants leave to amend.

19              **2.   *Monell* Claim**

20      Plaintiff also brings a claim for *Monell* liability, alleging that the County not only deprived

21  him of a prompt probable cause determination, but moreover has a "standard policy custom and/or

22  practice . . . of not providing probable cause hearings for defendants arrested without a warrant

23  within 48 hours," Compl. at 9, and that the County neglected its "duty to adequately train,

24  supervise, and discipline their Judicial and Executive employees in order to provide probable cause

25  hearings," *id.* at 10.

26      As discussed with respect to Plaintiff's claims against the City of San Jose, likewise here,

27  because Plaintiff has not alleged a plausible claim that the County violated his Fourth Amendment

28

20

United States District Court
For the Northern District of California

1  rights, his *Monell* claim against the County of Santa Clara on that basis is equally implausible. *See*

2  *Heller*, 475 U.S. at 799.  Similarly, for the reasons discussed previously with regard to his *Monell*

3  claims against the City of San Jose, Plaintiff lacks taxpayer standing to sue the County on behalf of

4  a class.  *See Lujan*, 504 U.S. at 560 (standing to sue is an indispensable prerequisite to the Article

5  III case or controversy requirement and requires a showing that the plaintiff suffered injury in fact);

6  *cf. Tileston v. Ullman*, 318 U.S. 44, 46 (1946) (a plaintiff lacks standing to assert the rights of

7  others).  Consequently, Plaintiff's *Monell* claims against the County must also be DISMISSED.

8  **IV.    CONCLUSION**

9      For the foregoing reasons, the City of San Jose and San Jose Chief of Police's Motion to

10 Dismiss is GRANTED.  The County of Santa Clara's Motion to Dismiss is also GRANTED.  In

11 light of Plaintiff's pro se status, and because Defendants have not shown that Plaintiff acted in bad

12 faith or that amendment would be unduly prejudicial, clearly futile, or cause undue delay, the Court

13 grants Plaintiff leave to amend.  Should Plaintiff elect to file a First Amended Complaint curing the

14 deficiencies discussed herein, he shall do so within 21 days of the date of this Order.  Plaintiff may

15 not add new causes of action or parties without leave of the Court or stipulation of the parties

16 pursuant to Federal Rule of Civil Procedure 15.

17 **IT IS SO ORDERED.**

18 Dated: November 16, 2011

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

Case No.: 11-cv-01752-LHK
ORDER GRANTING DEFENDANT CITY OF SAN JOSE AND SAN JOSE CHIEF OF POLICE'S MOTION TO
DISMISS; AND GRANTING DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS