United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SAM FERRIS, Plaintiff, v. CITY OF SAN JOSE, et al., Defendants.

Case No.: 11-cv-01752-LHK

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION SEEKING LEAVE TO FILE AMENDED COMPLAINT; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Sam Ferris ("Ferris") brings this action *in propria persona* under 42 U.S.C. §§ 1983 and 1985 and California Civil Code § 52.1 against the City of San Jose, the San Jose Chief of Police, and various unnamed police officers in their individual and official capacities (collectively the "City Defendants"), alleging violation of his Fourth Amendment right to be free from unreasonable search and seizure and the use of excessive force, among other constitutional injuries, in connection with a warrantless arrest and two warrantless searches of his home. On November 16, 2011, the Court granted a previous motion to dismiss with leave to amend ("November Order"). Plaintiff then filed a first amended complaint ("FAC"), alleging nearly identical causes of action.

Before the Court are several motions: (1) the City Defendants' Motions to Dismiss the FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), ECF No. 48; (2) Plaintiff's motion for partial summary judgment only on the issue of probable cause,

ECF No. 44; (3) Plaintiff's motion to strike parts of Defendant's motion to dismiss, ECF No. 58; and (4) Plaintiff's motion for leave to file a second amended complaint, ECF No. 60. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b). Having considered the parties' submissions and the relevant law, the Court hereby DENIES Plaintiff's motion to strike; GRANTS Defendants' motion to dismiss; DENIES Plaintiff's motion for leave to file an amended complaint; and DENIES Plaintiff's motion for summary judgment as moot.

## I. BACKGROUND

The relevant facts are laid out in the November Order, and will only be briefly summarized here. The instant dispute arises from two incidents at the home of Ferris, one on April 9, 2010, and the second on May 29, 2010. Ferris is a registered sex offender who lives at 2953 Plumstead Place in San Jose, CA.

On April 9, 2010, the San Jose Police were called to the home of Ferris on a report that a female, Beverly Jones ("Jones"), was being falsely imprisoned inside the residence. FAC ¶ 110. When Ferris refused to open the door, and Jones did not appear before the officers, the officers handcuffed Ferris, took his keys, entered the premises, and did a protective sweep. FAC ¶¶ 18, 26. The officers eventually took Ferris to jail where he was booked on three misdemeanor charges. FAC ¶ 31, 33. No charges were ultimately filed against Ferris for this incident. *Id.* at 38.

The second incident occurred on May 29, 2010. The Police arrived at Ferris' residence to investigate an allegation against Plaintiff's tenant, Shawn Furbay ("Furbay"), made by his girlfriend. *Id.* ¶ 59. Ferris went to the police with a copy of a case and attempted to explain to the officers that the room in question was Furbay's not the girlfriend's, and that the girlfriend as a licensee had limited rights to the room. The officers refused to read the case. Id. ¶ 64. The police told Ferris they were going to do a protective sweep of the house. *Id.* ¶ 66. During the approximately twenty to thirty minutes that the officers searched the house, Ferris was not allowed to leave the site and was not allowed to go inside and get a jacket unless accompanied by a police officer, which he declined to do. *Id.* ¶¶ 69-70.

### A. Procedural History

On April 8, 2011, Plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1985 and California Civil Code § 52.1, alleging that the City Defendants violated his Fourth Amendment rights by arresting him and searching and seizing his property without probable cause, using excessive force, and threatening him with violence on account of his status as a registered sex offender, and that the County violated his Fourth Amendment rights by failing to provide him with a probable cause determination within forty-eight hours of his arrest. Plaintiff's causes of action were as follows: (1) Fourth Amendment claim for illegal seizure of the person; (2) Fourth Amendment claim for illegal seizure of personal property; (3) Fourth Amendment claim for illegal search of the home; (4) First, Fourth, Fifth, and Fourteenth Amendment (Equal Protection) claims for implied threats of violence on account of Plaintiff's sex offender status; (5) Fourth Amendment claim for excessive force; (6) *Monell* claim based on taxpayer standing; and (7) *Monell* claim based on failure to train employees and deliberate indifference. The City Defendants and the County filed separate Motions to Dismiss on July 29, 2011. *See* ECF Nos. 13, 16. The Court granted the motions to dismiss all claims on November 16, 2011 with leave to amend.

On December 7, 2011 Plaintiff filed the FAC against the City of San Jose and the San Jose Police Chief, and voluntarily dismissed the County of Santa Clara from the instant dispute. ECF No. 41. Plaintiff made two substantive changes to the claims raised in his FAC. First, in count four, Plaintiff maintains a cause of action only under the First Amendment. Second, Plaintiff added an additional *Monell* claim under count eight. This *Monell* claim is substantially similar to the *Monell* claim raised in his initial complaint, as well as the *Monell* claim repled in the FAC at count seven. Specifically, count eight alleges that the failure to train arises from the city's failure to provide "all Arresting Police Officers who arrest without a warrent [sic] with a reference book listing the actual CALJIC elements of the crime for accurate probable cause determination for their reference prior to booking rather then [sic] a reference book which just lists the words of the statute." FAC at 9.

Importantly, the factual allegations in Plaintiff's FAC are identical to the prior complaint with three exceptions. First, the FAC includes further allegations concerning his relationship with Jones along with several conclusory allegations regarding the City Defendant's conduct. *See* FAC

¶¶ 85-101. Second, the FAC adds a section entitled, Controverted and Uncontroverted "Factual Allegations based upon Defendants Rule 26 Disclosures (April 9th only))," which includes portions of the police reports from the first incident. FAC ¶¶ 105-127. In the controverted section Plaintiff challenges disclosures from the City Defendants and in the uncontroverted section he includes a portion of the April 9, 2010 police report. And, third, Plaintiff removed paragraphs from the original complaint he deemed no longer relevant or concerned damages, which were recalculated. FAC ¶¶ 39-41, 53, 72-73, 75, 77-79. The City Defendants moved to dismiss the FAC on December 21, 2011, ECF No. 48, Plaintiff filed his opposition brief on January 9, 2012, ECF No. 51, and Defendants filed their reply on January 11, 2012. ECF No. 52.

## II. LEGAL STANDARDS

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). A court may also strike from an answer matter that is immaterial, i.e., "that which has no essential or important relationship to the claim for relief or the defenses being plead," or matter that is impertinent, i.e., that which does not pertain, and is not necessary, to the issues in question. *Fantasy*, 984 F.2d at 1527.

### B. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

United States District Court
For the Northern District of California

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his [constitutional] claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**C. Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

United States District Court
For the Northern District of California

pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

### A. Motion to Strike

Plaintiff filed a motion to strike parts of Defendants' motion to dismiss on the grounds that he has not been given adequate notice of the factual basis of Defendants' affirmative defenses. Rule 12(f) permits the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's motion to strike fails for several reasons. For one, Defendants' motion is not a pleading, and thus a motion to strike is inapplicable. To the extent that Plaintiff claims that Defendants haven't provided sufficient notice of what their affirmative defenses will be, Defendants are under no obligation to do so before filing an answer and affirmative defenses. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 8(b)&(c). Moreover, Plaintiff has pointed to nothing in Defendants' motion to dismiss that is redundant, immaterial, impertinent, or scandalous. *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517 (1994). Accordingly, Plaintiff's motion is DENIED.

### B. City of San Jose's Motion to Dismiss

Plaintiff alleges that the City of San Jose and its police officers violated a variety of his constitutional rights in connection with two warrantless searches of his home. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant violated a right secured by the United States Constitution or the laws of the United States; and (2) the defendant did so acting

United States District Court
For the Northern District of California

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).[1] The City Defendants move to dismiss for failure to state a claim upon which relief can be granted.[2] The Court considers each of Plaintiff's causes of action in turn.

**1. Claims Relating to the April 9, 2010 Search and Arrest**

**a. False Arrest (Count I)**

Ferris alleges that the City of San Jose police officers unlawfully arrested him without probable cause. "Under the Fourth Amendment, a warrantless arrest requires probable cause." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Id.* (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, '[m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" *Id.* (quoting *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)).

In this case, the City of San Jose Police Department arrested Ferris on April 9, 2010 for two counts of Penal Code § 236 (false imprisonment) and one count of Penal Code § 148 (resisting arrest). False imprisonment is defined as "the unlawful violation of the personal liberty of another," Cal. Pen. Code § 236, which can be accomplished by "[a]ny exercise of express or implied force which compels another person to remain where he does not wish to remain, or to go where he does not wish to go," *People v. Dominguez*, 180 Cal. App. 4th 1351, 1360 (2010). "Consent of the victim is no defense where the consent is induced by coercion or deception or where the victim is incapable of consenting due to unsoundness of mind or tenderness of years."

---

[1] Plaintiff also brings all of his claims under related California law. California Civil Code § 52.1 prohibits the interference "by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of the rights secured by the Constitution of the United States or the laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1. As used in this provision, the term "interferes" means "violates." *Austin B. v. Escondido Union High Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007). Plaintiff's federal and state claims rise and fall together.

[2] Although Defendants' motion to dismiss references Rule 12(b)(1), Defendants have made no arguments on this basis. Accordingly, the Court will not consider a dismissal pursuant to Rule 12(b)(1).

United States District Court
For the Northern District of California

*Id.* (internal quotation marks and citations omitted). Misdemeanor false imprisonment under § 236 is punishable by a fine of up to $1,000 or imprisonment in the county jail for up to one year, or both, *id.* § 237(a). If the false imprisonment is effected by violence, menace, fraud, or deceit, it is punishable as a felony by imprisonment in the state prison. *Id.*

In the November Order, the Court found that Plaintiff effectively "'plead[ed] [him]self out of court'" by "plead[ing] facts which establish that he cannot prevail on his [constitutional] claim." November Order at 9-10 (citing *Weisbuch*, 119 F.3d at 783 n.1 (quoting *Warzon*, 60 F.3d at 1239)). The additional allegations in the FAC do not persuade the Court to alter its original finding on Plaintiff's false arrest claim. The facts alleged in the FAC are still more than sufficient to lead a person of reasonable caution to believe that Ferris had or was falsely imprisoning another. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Plaintiff alleges that the officers "were called to the residence on reports of a female being falsely imprisoned inside the residence." FAC ¶ 110. Plaintiff also admits that he locked Jones in the room and that she could not leave when the security gate is locked. Plaintiff further alleges that upon arriving at his home, the officers learned from several other sources that Ferris does, in fact, have a practice of locking persons in his room. Plaintiff admits that he refused to let the police in, to open the security gate, or to hand over the key to the gate. Finally, Plaintiff admits that Jones did not respond after at least a full minute, despite the officers' request to speak with her. Moreover, when the officers finally were able to speak to Jones and ask her whether she was being held inside the residence against her will, Jones responded that she was "unsure." FAC ¶ 114. When asked again whether she was being held against her will, Jones "appeared to get nervous and would not answer." *Id.* ¶ 118. These facts alleged in Plaintiff's FAC are more than sufficient to lead a person of reasonable caution to believe that Ferris had or was falsely imprisoning Beverly Jones. *See Lopez*, 482 F.3d at 1072.

Moreover, Plaintiff's arguments in opposition to Defendants' motion to dismiss challenge whether he was actually guilty of falsely imprisoning Jones after the arrest,[3] not whether a person

[3] Additionally, to the extent that Plaintiff is arguing that the arrest was unlawful because the arrest occurred in his home, Plaintiff's additional argument is unavailing. "The Fourth Amendment protects against warrantless arrest inside a person's home in the same fashion that it protects against warrantless searches of the home, which is to say that police officers may not execute a warrantless arrest in a home unless they have both probable cause and exigent circumstances."

United States District Court
For the Northern District of California

of reasonable caution would suspect him of committing the offense given the information the police officers had in their possession at the time. For example, Plaintiff alleges that there was no physical contact between him and Jones, that he did not menace Jones, and that he did not commit fraud or deceit upon Jones during the time periods of the alleged crimes. FAC ¶¶ 90-92. Moreover, Plaintiff alleges that Jones had been through the routine of being locked in the room before, and that she "understood being locked in the room was a condition of her being allowed to enter the room in the first place." *Id.* ¶¶ 93-94. While these factual allegations may disprove, beyond a reasonable doubt, that Ferris was guilty of committing false imprisonment, they do not undermine the Court's original finding that the officers had probable cause to suspect that Ferris had or was falsely imprisoning another. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") Accordingly, his first cause of action for unlawful arrest based on the April 9, 2010 arrest is DISMISSED.

**b. Illegal Seizure (Count II)**

Plaintiff's second cause of action asserts that Defendants unlawfully seized his personal property (namely, the keys to his security gate) without probable cause on April 9, 2010, in violation of his Fourth Amendment rights. FAC at 5. For the same reasons discussed immediately above, Plaintiff has pled facts establishing that the officers had probable cause to seize his keys for purposes of gaining access to Jones, whom they suspected of being falsely imprisoned inside Ferris' home. Accordingly, he has not pled a plausible claim for relief, and his second cause of action is DISMISSED.

**c. Illegal Search (Count III)**

Plaintiff's third cause of action asserts that Defendants violated his Fourth Amendment rights by conducting a warrantless search of his home in the absence of probable cause or exigent

---

*Hopkins v. Bonvicino*, 573 F.3d 752, 773 (9th Cir. 2009) (holding that because exigent circumstances did not justify warrantless home entry, exigent circumstances did not justify warrantless home arrest). First, based on the four corners of the complaint it is clear that exigent circumstances existed, as is discussed below in Part B.1.c. Second, a reasonable inference based on the complaint is that Plaintiff was arrested outside of his home, not inside of it. *See* FAC ¶¶ 14-18.

or emergency circumstances. FAC at 5-6. A warrantless search of a home requires more than mere probable cause. It is well established that the ""physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed," *Payton v. New York*, 445 U.S. 573, 585 (1980); *see Kirk v. Louisiana*, 536 U.S. 635, 636 (2002) ("[A]bsent exigent circumstances, the firm line at the entrance to the house may not reasonably be crossed without a warrant." (internal quotation marks and alterations omitted)), and therefore, "searches and seizures inside a home without a warrant are presumptively unreasonable," absent exigent circumstances or an emergency, *Payton*, 445 U.S. at 586. Under the exigency doctrine, a warrantless search of a home is permitted if there is probable cause to believe that contraband or evidence of a crime will be found at the premises and that exigent circumstances exist. *United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005) (citing *United States v. Lai*, 944 F.2d 1434, 1441 (9th Cir. 1991)). As a general rule, "exigent circumstances" are defined as "those circumstances that would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir. 1984) (en banc) (abrogated on other grounds). Under the "emergency aid" exception, police officers are permitted warrantless entry into a home as part of their "community caretaking function," *United States v. Bradley*, 321 F.3d 1212, 1214 (9th Cir. 2003), provided (1) the police have reasonable grounds to believe there is an emergency at hand and an immediate need for their assistance for the protection of life or property; (2) the search is not primarily motivated by intent to arrest and seize evidence; and (3) there is some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched, *Martin v. City of Oceanside*, 360 F.3d 1078, 1081-82 (9th Cir. 2004) (citing *United States v. Cervantes*, 219 F.3d 882, 888-90 (9th Cir. 2000)).

In the November Order, the Court found that Plaintiff had pled himself out of a claim because the face of the complaint established not only probable cause to believe that Ferris was falsely imprisoning a woman in his home, but also that exigent or emergency circumstances existed. *See* November Order at 11-12. The additional factual allegations pled in the FAC do not

United States District Court
For the Northern District of California

alter the Court's findings. *See Payton*, 445 U.S. at 585. Based on the factual allegations in the FAC, a reasonable person would believe that forcible entry into Plaintiff's home was necessary to prevent harm to Beverly Jones or any other persons that might be within Ferris's home. The allegations establish that Trisha Allen had been locked in Ferris's room the day before, on April 8, 2010. On April 9, the day of the search and arrest, Allen's boyfriend filed a report with the police that Allen had been locked in Ferris' room. The police report also stated that Allen was worried that there was another woman in the house that Ferris was not allowing to leave, and that Allen believed this woman to be in danger. *See* FAC ¶¶ 121-122. Upon investigating these allegations, Ferris refused to let the officers inside and instead locked the security gate. Cumulatively, these facts give rise to both exigent and emergency circumstances, under controlling case law. *See, e.g. Bradley*, 321 F.3d at 1215 (community caretaking exception to warrant requirement allowed police to enter home to check on a nine year old child without adult supervision). Plaintiff's additional allegation that that he had never threated any police officer with physical violence does not change this analysis. Accordingly, Plaintiff's third cause of action based on the April 9, 2010 search of his home is not plausible and is DISMISSED.

**d. Excessive Force (Count V)**

Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from excessive force by employing "improperly designed handcuffs" during the arrest. FAC at 7. All claims for excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *accord Young v. Cnty. of L.A.*, 655 F.3d 1156, 1161 (9th Cir. 2011). To state an excessive force claim, a plaintiff must allege facts showing that the officer's conduct was "objectively unreasonable in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 397 (internal quotation marks omitted). In determining whether an officer's conduct is objectively unreasonable, the Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003). In the November Order, the Court found that Plaintiff had failed to state a claim for excessive force because Ferris conceded that the police officers placed "the handcuffs

United States District Court
For the Northern District of California

on in [a] reasonable manner," and that the officers rectified the situation when Ferris complained that they had become too tight. Plaintiff has not alleged any new facts in support of this excessive force claim. Therefore, as Plaintiff has not cured the deficiencies identified in the November Order, this cause of action is DISMISSED.

**2. Claims Relating to the May 29, 2010 Search and Detention**

Plaintiff argues that Defendants have waived their ability to challenge the causes of action arising out of the May 29 search and detention because Defendants did not specifically argue the causes of action arising from the second incident in their motion to dismiss. The Court disagrees. "A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)." *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361–362 (9th Cir. 1981). Plaintiff was given adequate guidance in the Court's November Order regarding the defects he needed to cure in his FAC. The Court, therefore, will analyze whether the additional factual allegations have adequately addressed the Court's concerns as set forth in the November Order.

**a. Unreasonable Search and Unlawful Detention (Counts I and III)**

Plaintiff alleges that he was unreasonably detained without probable cause when he was made to stand in the cold while the police unlawfully searched the house looking for "a pool of blood" after being summoned by Furbay's girlfriend on May 29, 2010. Ferris was not a suspect in this second incident, and he asserts that at the time of the search, Furbay, the suspect, was already in custody, and Furbay's girlfriend, the alleged victim, had already fled the scene. Plaintiff argues that because the purported victim was not in the house, and the suspect was already apprehended, the officers' protective sweep was unjustified. Further, in the FAC Plaintiff argues that there was no specific reason for any police officer present to believe that a protective sweep was necessary for police protection as no one had any weapons, no one threatened violence against any police officer and all individuals were physically compliant with police orders. FAC ¶¶ 101.

A protective sweep conducted incident to an arrest of the suspect at issue is lawful only when "the arresting officers reasonably believe[] that *someone else inside the house* might pose a danger to them. The facts upon which officers may justify a [*Maryland v. Buie*, 494 U.S. 325 (1990)] protective sweep are those facts giving rise to a suspicion of danger from attack by a third

United States District Court
For the Northern District of California

party during the arrest." *United States v. Colbert*, 76 F.3d 773, 777 (9th Cir. 1996) (emphasis in original). In the November Order, the Court found that "it is not clear from the face of the pleadings whether the officers were merely conducting a protective sweep incident to Furbay's arrest or whether they had probable cause to search the premises coupled with emergency or exigent circumstances. Plaintiff must plead these missing facts with particularity in order to survive a motion to dismiss." November Order at 14. Plaintiff has not done so. Plaintiff's additional allegations do not create a plausible claim for relief under the Fourth Amendment. It is still not clear from the face of the pleadings whether the officers were merely conducting a protective sweep incident to Furbay's arrest or whether they had probable cause to search the premises coupled with emergency or exigent circumstances. Because Plaintiff has not cured the deficiencies identified in the previous order, Plaintiff's Fourth Amendment claim relating to the May 29, 2010 search and temporary detention is therefore DISMISSED.

**b. First Amendment (Count IV)**[4]

Plaintiff claims that Defendants violated his First Amendment right "to criticize and to be free to speak to police officers with copies of applicable case law." FAC at 6. In the November Order the Court found that "although Plaintiff may have a First Amendment right to verbally protest the officers' actions, *see Winterrowd v. Nelson*, 480 F.3d 1181, 1185 (9th Cir. 2007) ("'[W]hile police, no less than anyone else, may resent having obscene words and gestures directed at them, they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment.'" (quoting *Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990)), here, he does not allege that he was actually denied such a right or that he was punished for exercising it." November Order at 14. The FAC includes no new allegations in support of his claim that Defendants violated his First Amendment rights. Thus, there is no reason for the Court to reconsider its holding on this count. Plaintiffs' claim that the Defendants violated his First Amendment rights is DISMISSED.

[4] In Plaintiff's original complaint he also alleged the officers' actions in telling him to "shut up" violated not only his First Amendment Rights, but also his Fourth, Fifth, and Fourteenth Amendment rights. The FAC only alleges a violation of his First Amendment rights in regards to this particular incident.

**3. Claims for Municipal Liability**

**a. *Monell* Liability (Count VII and VIII)**

Plaintiff's seventh cause of action alleges that the City and Chief of Police are liable for failure to adequately train, supervise, and discipline the individual police officers so as to "protect members of the public" from illegal acts and that the municipal entities were "deliberately indifferent to such duties and thereby proximately caused" Plaintiff's alleged constitutional injuries. FAC at 8-9. A suit against public employees in their official capacities is equivalent to a claim against their municipal employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991).

Although a municipal entity defendant cannot be subject to liability under § 1983 under a theory of respondeat superior, *see Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997), a claim may be stated against a municipal defendant if the plaintiff alleges that his constitutional injury was the product of a policy or custom of the municipality, *Monell v. Dep't of Soc. Servs of N.Y.*, 436 U.S. 658, 691 (1978). To establish an "official policy or custom sufficient for *Monell* liability, a plaintiff must show a constitutional right violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker." *Delia v. City of Rialto*, 621 F.3d 1069, 1081-82 (9th Cir. 2010) (internal quotation marks and citations omitted). In the November Order, the Court found that Plaintiff had failed to allege a plausible claim that any of the individual officers violated his constitutional rights, and because Plaintiff had failed to identify any standard policy, custom or practice that would cause a violation of his constitutional rights. November Order at 16-17.

As Plaintiff has still not alleged a plausible claim that any of the individual police officers violated his constitutional rights, Plaintiff's *Monell* claim against the City of San Jose or the Chief of Police is equally implausible. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* [constitutional injury] is quite beside the point." (emphasis in original)). Additionally, although Plaintiff has added additional

United States District Court
For the Northern District of California

allegations in the FAC that the City of San Jose and the San Jose Police Department have a standard policy, custom or practice of providing officers a reference book containing criminal statutes instead of CALJIC instructions as to the elements of a crime, these mere "conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Adams*, 355 F.3d at 1183 (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950. Plaintiff's *Monell* claims against the City of San Jose and San Jose Police Department are therefore DISMISSED.

**b. Taxpayer Standing (Count VI)**

Finally, in addition to his individual claims of violation of his constitutional rights, Plaintiff seeks to assert claims against the City and County on behalf the citizens of San Jose, asserting that the City of San Jose and San Jose Police Department maintain policies that allow for the violations of the citizens Fourth Amendment rights. Plaintiff asserts that he has "taxpayer standing" to bring these claims on behalf of a class of individuals whose Fourth Amendment rights are being violated by the City's unconstitutional policies.

To state a case or controversy under Article III, a plaintiff must establish standing. *Allen v. Wright*, 468 U.S. 737, 751 (1984). The irreducible constitutional requirements for standing are that (1) the plaintiff has suffered an "injury in fact," i.e., an "invasion of a legally protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) there is "a causal connection between the injury and the conduct complained of," i.e., the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks, alterations, citations, and footnote omitted). A "particularized injury" is one that "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. "Absent special circumstances, . . . standing cannot be based on a plaintiff's mere status as a taxpayer." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011) (quoting *Hein v. Freedom From Religion Found, Inc.*, 551 U.S. 587, 599 (2007) (plurality opinion)).

United States District Court
For the Northern District of California

To fall within the "narrow exception" to "the general rule against taxpayer standing," *Bowen v. Kendrick*, 487 U.S. 589, 618 (1988), a plaintiff must assert (1) "a 'logical link' between the plaintiff's taxpayer status 'and the type of legislative enactment attacked,'" and (2) "'a nexus' between the plaintiff's taxpayer status and 'the precise nature of the constitutional infringement alleged,'" *Ariz. Christian Sch. Tuition Org.*, 131 S. Ct. at 1445 (quoting *Flast v. Cohen*, 392 U.S. 83, 102 (1968)). In the November Order, the Court found that Plaintiff failed to allege the necessary nexus to meet the taxpayer standing requirements. November Order at 17-18. Plaintiff has alleged no new facts to cure the deficiencies the court found in the November Order. Thus, the Court finds that the Plaintiff lacks taxpayer standing to challenge the City of San Jose's alleged unconstitutional conduct separate and apart from his own claimed individualized harms. His sixth cause of action is DISMISSED.

**C. Leave to Amend**

Plaintiff has filed a motion seeking leave to file a second amended complaint. In order to determine whether leave to amend should be granted, the Court must consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment, etc.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has failed to cure the deficiencies contained in the complaints presented thus far. Moreover, the additional factual allegations that Plaintiff has identified to add to a second amended complaint generally relate to the April 9 incident, but do not alter the Court's determination that on the face of the pleadings, the officers had probable cause to believe that Plaintiff was falsely imprisoning a woman, and that that the officers reasonably believed that exigent circumstances or an emergency existed. Thus, allowing Plaintiff to replead additional causes of action would likely be futile. Accordingly, Plaintiff's motion to file a second amended complaint is DENIED.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to strike parts of defendants' motion to dismiss Plaintiff's FAC is DENIED. The City of San Jose and San Jose Chief of Police's Motion to

United States District Court
For the Northern District of California

Dismiss the FAC is GRANTED as to all of Plaintiff's claims. Further, Plaintiff's motion to file a second amended complaint is DENIED. Finally, Plaintiff's motion to for partial summary judgment is DENIED as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2012

Lucy H. Koh

LUCY H. KOH
United States District Judge