UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM FERRIS, | Case No.: 11-CV-01752-LHK |
| Plaintiff, | ORDER DENYING RULE 59(e) MOTIONS TO RECONSIDER AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORAL ARGUMENT AND TO CERTIFY APPEAL |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | |

Before the Court are three motions filed by Plaintiff Sam Ferris ("Ferris"): (1) a Rule 59(e) Motion to Reconsider Due to Failure to Consider All of the Law and All of the Facts, ECF No. 70; (2) a Rule 59 Motion to Reconsider the Denial of the Rule 15 Motion for a Non-Futile Second Amended Complaint, ECF NO. 71; and (3) a Motion for Oral Argument on the Rule 59 Motions and to Certify Appeal (if needed) as Non-Frivolous, ECF No. 72. Ferris filed the above motions on May 18, 2012. Defendants filed an opposition to each motion on June 1, 2012. *See* ECF Nos. 75, 76, and 77. Ferris filed a single reply in support of all three motions on June 7, 2012. ECF No. 78. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for determination without oral argument.

For the reasons stated herein, the Court DENIES Ferris's Rule 59(e) Motion to Reconsider Due to Failure to Consider All of the Law and All of the Facts, and his Rule 59 Motion to Reconsider the Denial of the Rule 15 Motion for a Non-Futile Second Amended Complaint. The Court GRANTS in part and DENIES in part Ferris's Motion for Oral Argument on the Rule 59 Motions and to Certify Appeal (if needed) as Non-Frivolous.

1

## I. Procedural History

On April 8, 2011, Ferris brought this action pursuant to 42 U.S.C. §§ 1983 and 1985 and California Civil Code § 52.1  Ferris alleges that the City Defendants violated his Fourth Amendment rights by arresting him and searching and seizing his property without probable cause, using excessive force, and threatening him with violence on account of his status as a registered sex offender, and that the County violated his Fourth Amendment rights by failing to provide him with a probable cause determination within forty-eight hours of his arrest.  ECF No. 1.  The City Defendants and the County filed separate Motions to Dismiss on July 29, 2011.  *See* ECF Nos. 13, 16.  The Court granted the Motions to Dismiss all claims on November 16, 2011 with leave to amend.

On December 7, 2011, Plaintiff filed a First Amended Complaint ("FAC") against the City of San Jose and the San Jose Police Chief, and voluntarily dismissed the County of Santa Clara from the instant dispute.  ECF No. 41.  The City Defendants moved to dismiss the FAC on December 21, 2011, ECF No. 48.  Plaintiff filed a Motion for Partial Summary Judgment on the issue of probable cause, ECF No. 44, a Motion to Strike parts of Defendants' Motion to Dismiss, ECF No. 58, and a Motion for Leave to File a Second Amended Complaint, ECF No. 60.

On April 18, 2012, the Court issued its Order granting Defendants' Motion to Dismiss, denying Plaintiff's Motion to Strike, denying Plaintiff's Motion Seeking Leave to File a Second Amended Complaint, and denying Plaintiff's Motion for Partial Summary Judgment.  In so doing, the Court found that none of Ferris's new factual allegations cured any of the previously identified deficiencies, and that Ferris's FAC failed to plead plausible claims for relief.  *Id.* at 7-16.  In addition, the Court denied leave to amend because the Court found that none of the new factual allegations contained in Ferris's proposed Second Amended Complaint altered the Court's determination based on the face of the pleadings and "allowing Plaintiff to replead additional causes of action would likely be futile."  *Id.* at 16.

Judgment was entered on April 19, 2012.  *See* ECF No. 69.

On May 18, 2012, Ferris filed a Rule 59(e) Motion to Reconsider Due to Failure to Consider All of the Law and All of the Facts, ECF No. 70, and a Rule 59 Motion to Reconsider the Denial of the Rule 15 Motion for a Non-Futile Second Amended Complaint, ECF NO. 71 (collectively, "Rule 59(e) Motions for Reconsideration"). Ferris also filed a Motion for Oral Argument on the Rule 59 Motions and to Certify Appeal (if needed) as Non-Frivolous. ECF No. 72.

## II.   Ferris's Rule 59(e) Motions for Reconsideration

### A. Rule 59(e) Motions for Reconsideration of Dismissal and Denial of Leave to File Second Amended Complaint

Rule 59(e) of the Federal Rules of Civil Procedure is the proper avenue for filing a motion for reconsideration of a motion to dismiss without leave to amend. *See Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Court finds that relief pursuant to Rule 59(e) is inappropriate in light of the reasons for which Ferris seeks reconsideration.

In his Rule 59(e) Motions for Reconsideration, Ferris has not set forth any basis that warrants reconsideration. Specifically, he has not presented any newly discovered evidence, demonstrated that the Court committed clear error, or cited to an intervening change in the controlling law such that reconsideration is warranted. *But see 389 Orange Street Partners*, 179 F.3d at 665.

Rather, in his Motion to Reconsider due to "failure to consider all of the law and all of the facts," Ferris appears to be re-litigating issues the Court considered when ruling on Defendants' prior motions to dismiss. *See* ECF No. 70. This is improper. *See, e.g.*, *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101(E.D. Va. 1983) (holding that "Plaintiff improperly used

3

Case No.: 11-CV-01752-LHK
ORDER DENYING RULE 59(e) MOTIONS TO RECONSIDER AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORAL ARGUMENT AND TO CERTIFY APPEAL

the motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly.").

In his Motion to Reconsider the Denial of the Rule 15 Motion for a Non-Futile Second Amended Complaint, Ferris contends that his proposed Second Amended Complaint cures the prior deficiencies identified by the Court. However, nothing contained in Ferris's proposed Second Amended Complaint could not have been alleged previously. In general, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." *Costello v. U.S. Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). The relatively restrictive standard applied to Rule 59(e) motions "reflects district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Costello*, 765 F. Supp. at 1009. The Court finds these concerns warrant a denial of Ferris's Rule 59(e) Motions for Reconsideration.

### B. Procedural Requirements and Time Limitations for Filing Rule 59(e) Motions for Reconsideration

The Court also finds that Ferris's Rule 59(e) Motions for Reconsideration should be denied because Ferris failed to comply with the Court's procedural requirements and time limitations for filing these motions.

Pursuant to Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Here, Ferris failed to comply with this rule in the following respects. First, he did not obtain leave of the Court prior to filing his motions for reconsideration. Second, he failed to file his motions for reconsideration prior to the entry of judgment. Third, even if he had sought leave of the Court to file his motions for reconsideration, such leave would not have been granted for the reasons stated

4

Case No.: 11-CV-01752-LHK
ORDER DENYING RULE 59(e) MOTIONS TO RECONSIDER AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORAL ARGUMENT AND TO CERTIFY APPEAL

above. *See supra* Part II.A. Ferris's failure to comply with Civil Local Rule 7-9 alone justifies a denial of the Rule 59(e) Motions for Reconsideration.

In addition, Ferris failed to meet the time requirements for filing his motions for reconsideration. Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). By filing his Rule 59(e) Motions for Reconsideration on May 18, 2012, Ferris failed to file his motions within 28 days after entry of judgment.

Although Ferris argues that his motions were actually due by May 18, 2012, the Court is not persuaded. Ferris contends that "[t]he clerk did something to the paperwork or docket entries on the 20th . . . [and] [a]s there was some alteration to something dealing with the judgment or in support of the judgment on the 20th, the first day is the 21st and the 28th day . . . to file a motion to amend ended on May 18th." Reply at 1.

Under Federal Rule of Civil Procedure 58(c), judgment is entered "when the judgment is entered in the civil docket under Rule 79(a)" and "it is set out in a separate document." Fed. R. Civ. P. 58. While Ferris is correct that Defendants' Notice of Entry of Order was modified by Court staff on April 20, 2012, *see* ECF No. 68, the Court issued its Order on April 18, 2012, and the Court's judgment was entered in a separate document in the civil docket on April 19, 2012, *see* ECF No. 69. Thus, for the purpose of triggering Rule 59(e)'s time limitations, judgment was entered on April 19, 2012.

Accordingly, for all the reasons stated above, the Court DENIES Ferris's Rule 59(e) Motions for Reconsideration.

**C. Relief from Judgment Pursuant to Rule 60(b)**

Ferris requests that, even if the Court finds his Rule 59(e) Motions for Reconsideration to be time-barred, "the court, on its own motion, should construe the May 18th motions as a Rule 60(b)(6) motion and then grant the reconsideration of the Rule 15 motion and allow the filing of the 2nd amended complaint." Reply at 3. Unlike a Rule 59(e) motion, a motion for relief from

5

judgment pursuant to Rule 60(b) must only be made "within a reasonable time." Fed. R. Civ. P. 60(c).

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks and citation omitted). Ferris relies on Rule 60(b)(6), which is the catchall provision that allows a court to grant reconsideration in an effort to prevent manifest injustice. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*.

The Court finds that Ferris has not shown any of the circumstances warranting a grant of reconsideration pursuant to Rule 60(b)(6). Moreover, Rule 60(b) was not intended "to afford a substitute for appeal," which appears to be precisely what Ferris is seeking. *See Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959). As this case does not present a risk of manifest injustice, the Court denies reconsideration pursuant to Rule 60(b)(6).

### III. Ferris's Motion for Oral Argument on the Rule 59 Motions and to Certify Appeal (if needed) as Non-Frivolous

As the decision to resolve a motion without a hearing is within the Court's discretion, Ferris's Motion for Oral Argument is DENIED. *See* Civil L.R. 7-1(b).

However, the Court finds that Ferris's Motion to Certify Appeal does constitute a timely Notice of Appeal. *See* Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."). "To preserve an appeal of the underlying judgment, it is necessary to file a notice of appeal within thirty days of the entry of that judgment." *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (citing Fed. R. App. P. 4(a)(1)). "In contrast, the filing of a timely Rule 59 motion tolls the time for appealing the underlying judgment." *Id*. (citing Fed.

6

Case No.: 11-CV-01752-LHK
ORDER DENYING RULE 59(e) MOTIONS TO RECONSIDER AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORAL ARGUMENT AND TO CERTIFY APPEAL

R. Appl. P. 4(a)(4)). Ferris filed this motion on May 18, 2012, which was within 30 days of the entry of judgment. Therefore, his notice of appeal is timely.

While Ferris filed a "Motion to Certify Appeal" rather than a "Notice of Appeal," the Court will construe his motion as a properly entitled "Notice of Appeal." Appellate Rule 3(c)(4) states that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Moreover, as noted by the Ninth Circuit, "[d]ocuments that are not denominated notices of appeal will be so treated so long as they 'clearly evince the party's intent to appeal,' are served on the other parties to the litigation, and are filed in the court within the time period otherwise provided by Rule 4(a)(4)." *Allah v. Sup. Ct. of Cal.*, 871 F.2d 887, 890 (9th Cir. 1989), *superseded by statute as recognized in Harmston v. City and County of San Francisco*, 627 F.3d 1273, 1280 (9th Cir. 2010). Furthermore, "[i]n determining whether a document will be construed as a notice of appeal, this court uses a more lenient standard when the appellant is not represented by counsel." *Id*. at 889. As Ferris is not represented by counsel, evinced his intent to appeal in his "Motion to Certify Appeal (if needed) as non-frivolous," properly served the other parties in the litigation, *see* ECF No. 74, and filed his certificate within 30 days after the entry of judgment, the Court GRANTS Ferris's Motion to Certify Appeal, which it construes as a Notice of Appeal.

## IV. CONCLUSION

Accordingly, the Court DENIES Ferris's Rule 59(e) Motion to Reconsider Due to Failure to Consider All of the Law and All of the Facts and Ferris's Rule 59(e) Motion to Reconsider the Denial of the Rule 15 Motion for a Non-Futile Second Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court DENIES Ferris's Motion for Oral Argument on the Rule 59(e) Motions. The Court GRANTS Ferris's Motion to Certify Appeal.

**IT IS SO ORDERED.**

Dated: March 16, 2013

_____
LUCY H. KOH
United States District Judge

7

Case No.: 11-CV-01752-LHK
ORDER DENYING RULE 59(e) MOTIONS TO RECONSIDER AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORAL ARGUMENT AND TO CERTIFY APPEAL